O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| American Guard Services, Inc., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Management Information Technology Corporation, a Maryland corporation; and Does 1 through 10 inclusive,<br><br>　　　　　Defendants. | CV 11-3525 RSWL (MRWx)<br><br>**ORDER Re: Defendant's Motion to Dismiss for Improper Forum [4]** |

Defendant Management Information Technology Corporation's Motion to Dismiss for Improper Forum was set for hearing on June 21, 2011 [4]. Having taken this matter under submission on June 16, 2011, and having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

Defendant Management Information Technology Corporation's Motion to Dismiss for Improper Forum is **GRANTED IN PART AND DENIED IN PART.**

Defendant Management Information Technology

1

Corporation ("Defendant") brings this present Motion to Dismiss for Improper Forum pursuant to Federal Rule of Civil Procedure 12(b)(3), arguing that this Case should be dismissed because there is a valid and enforceable forum selection clause between the Parties that mandates that this Action be litigated in Maryland. Moreover, Defendant requests that this Court award Defendant the attorneys' fees it has incurred in connection with bringing this present Motion.

**A. Defendant Management Information Technology Corporation's Motion To Dismiss For Improper Forum Pursuant To Federal Rule Of Civil Procedure 12(b)(3)**

The Court **GRANTS** Defendant's Motion to Dismiss for Improper Forum pursuant to Federal Rule of Civil Procedure 12(b)(3).

Federal Rule of Civil Procedure 12(b)(3) enables a party to file a motion to dismiss for improper venue. Fed. R. Civ. Proc. 12(b)(3). A motion to dismiss that is based on the plaintiff's failure to initiate an action in the venue mandated by a forum selection clause is treated as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). Argueta v. Banco Mexicano, 87 F.3d 320, 324 (9th Cir. 1996).

Federal law determines the validity and enforcement of a forum selection clause in a federal diversity case. Manetti-Farrow v. Gucci Am., 858 F.2d 509, 513

(9th Cir. 1988). The Supreme Court has held that forum selection clauses are presumptively valid. Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-15 (1972). As such, these clauses should be enforced "absent some compelling and countervailing reason." Murphy v. Schneider Nat'l, 362 F.3d 1133, 1140 (9th Cir. 2004). The Court in Bremen v. Zapata Off-Shore Co. recognized three reasons that would make enforcement of a forum selection clause unreasonable: 1) the clause's incorporation into the contract was a result of fraud, undue influence, or overweening bargaining power; 2) enforcing the clause would be so difficult and inconvenient as to be the equivalent of depriving the non-moving party of his or her day in court; or 3) enforcement would contravene a strong public policy of the forum in which the suit is brought. Argueta, 87 F.3d at 325 (discussing Bremen, 407 U.S. at 12-13). The party challenging the clause bears a "heavy burden of proof" and must "clearly show" that enforcement of the clause would be unreasonable under one of these exceptions. Murphy, 362 F.3d at 1141.

When a party seeks to enforce a forum selection clause under Federal Rule of Civil Procedure 12(b)(3), a district court is not required to accept the pleadings as true and may consider facts outside of the pleadings. Id. In addition, the Court may draw all reasonable inferences in favor of the non-moving party. Id.

Defendant moves to dismiss this Case pursuant to Federal Rule of Civil Procedure 12(b)(3), arguing that the proper jurisdiction for this Action is Maryland. Specifically, Defendant asserts that the forum selection clause,[1] signed and agreed to by Plaintiff American Guard Services, Inc.'s ("Plaintiff") in all three of the agreements giving rise to this Action, mandates that the Parties litigate this Action in Maryland.[2]

Both Parties concede that the forum selection clause is valid and applies to the claims at issue in this Action. Plaintiff instead asserts that the enforcement of the forum selection clause here would be unreasonable under the second and third exceptions set forth in Bremen. As such, the only issue before this Court is whether the forum selection clause is valid and enforceable.

1. Enforcement Of The Forum Selection Clause Will Not Deprive Plaintiff Of Its Day In Court

---

[1] The forum selection clause at issue here specifically states that, "[a]ny action arising from this Agreement shall be maintained in the courts of the State of Maryland." [Decl. David K. Willingham Exhs. 6-8.]

[2] On February 15, 2011, Plaintiff initiated this instant Action against Defendant, asserting claims for breach of contract, negligence, breach of implied warranty of merchantability, and breach of the implied covenant of good faith and fair dealing. Each of these claims arise out of the three agreements entered into by the Parties as part of an overall business software transaction.

4

Plaintiff first argues that given the close relationship of the underlying facts and witnesses in this Action to California, enforcing the forum selection clause here would be so gravely inconvenient and unreasonable that it would effectively deprive Plaintiff of its day in court.

A party seeking to invalidate a forum selection clause under the second exception set forth in <u>Bremen</u> must show that enforcement of the clause "will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." <u>Bremen</u>, 407 U.S. at 18. However, "[c]ourts have routinely rejected the notion that the expense or inconvenience of prosecuting an action in the designated forum rises to the level of depriving one of one's day in court," and therefore have only found grave difficulty and inconvenience in cases in which physical or other such difficulties, in addition to financial hardship, are present. <u>Paster v. Putney Student Travel, Inc.</u>, 1999 WL 1074120 at *3 (C.D. Cal. June 9, 1999). <u>See</u> <u>also</u> <u>Walker v. Carnival Cruise Lines</u>, 107 F. Supp. 2d 1135, 1141 (N.D. Cal. 2000)(finding that enforcement of a forum selection clause would deprive the financially-limited quadriplegic plaintiffs of their day in court because of "the degree, combination and cumulative effect of the severe physical and economic disabilities [which they] faced").

Here, the Court finds that Plaintiff has failed to meet its burden of establishing that enforcing the forum selection clause would be so difficult or inconvenient that it would deprive Plaintiff of its day in court.

Plaintiff primarily argues that because all of the relevant events in this Action took place in California and a majority of the relevant documents and witnesses are located in California, litigation in Maryland would be unreasonably difficult and inconvenient. However, the Court finds that this fails to establish that litigation in Maryland would be "so gravely difficult and inconvenient that [Plaintiff would] for all practical purposes be deprived of [its] day in court." Bremen, 407 U.S. at 18. Instead, these arguments merely support the conclusion that litigation in Maryland would be more expensive than litigation in California. However, it is well-settled that mere inconvenience premised on the additional expense of litigating in the designated forum is insufficient to rise to the level of depriving one of one's day in court. See Fireman's Fund Ins. Co. v. M/V DSR Atlantic, 131 F.3d 1336, 1338 (9th Cir. 1998); Spradlin v. Lear Siegler Mgmt. Servs. Co., 926 F.2d 865 (9th Cir. 1991); Paster, 1999 WL 1074120 at *3.

Furthermore, where "choice of [] forum was made in an arm's-length negotiation by experienced and sophisticated businessmen," it is presumed that the

parties foresaw the claimed inconvenience and that the plaintiff received, under the contract, adequate consideration for any inconvenience. <u>Bremen</u>, 407 U.S. at 12. Here, the Court finds that Plaintiff, an experienced and sophisticated commercial entity, has failed to rebut the presumption that Plaintiff foresaw the potential inconvenience and expense of litigating in Maryland at the time it entered into the agreements and received adequate consideration for any inconvenience.

As such, the Court finds that Plaintiff has failed to meet its burden to establish that enforcement of the forum selection clause would be so gravely difficult or inconvenient that it would deprive Plaintiff of its day in court.

    2.   <u>Enforcement Of The Forum Selection Clause Does Not Contravene California Public Policy</u>

Plaintiff also argues that the forum selection clause should not be enforced here because enforcing the clause would contravene settled California public policy favoring access to California courts by resident plaintiffs.

Under the third exception set forth in <u>Bremen</u>, "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." 407 U.S. at 15.

In California, courts recognize a general public policy favoring access to California courts by resident plaintiffs. See Smith, Valentino, & Smith, Inc. v. Superior Court of California, 551 P.2d 1206, 1209 (1976). However, this policy is satisfied when the "plaintiff has freely and voluntarily negotiated away his right to a California forum." Id. Thus, when the parties freely and voluntarily negotiate to a forum selection clause, it is presumed that the parties "contemplated in negotiating their agreement the additional expense and inconvenience attendant on the litigation . . . in a distant forum." Id. Accordingly, courts have held that enforcing a forum selection clause in this context does not violate the California policy favoring access to California courts by resident plaintiffs. Id.

Here, the Court finds that Plaintiff has failed to meet its burden to establish that enforcing the forum selection clause would contravene California public policy. Specifically, both Plaintiff and Defendant are large, sophisticated companies with experience in negotiating contractual agreements. Furthermore, neither Party alleges that the forum selection clause was agreed to under fraud or undue influence, conceding that the agreements were entered into knowingly and willingly. As such, the Court finds that Plaintiff "freely and voluntarily negotiated away [its] right to a California forum," and therefore has failed to

establish that enforcing the forum selection clause here contravenes California public policy. <u>Id.</u>

For the reasons stated above, the Court finds that Plaintiff has failed to meet its burden to establish that enforcing the forum selection clause would deprive Plaintiff of its day in court or contravene any strong California public policy.  Accordingly, the Court finds that the forum selection clause is valid and enforceable.

As such, the Court **GRANTS** Defendant's Motion to Dismiss this Action for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

**B. Defendant Management Information Technology Corporation's Request For Attorneys' Fees**

The Court **DENIES** Defendant's request for attorneys' fees.

Defendant moves for an award of attorneys' fees incurred in connection with bringing this present Motion to enforce the forum selection clause.

Here, both Parties agreed to a contractual clause in the agreements at issue in this Action that provides for an award of attorneys' fees to the prevailing party.[3]  Defendant specifically argues that because it is a prevailing party here on this Motion, it is

---

[3] This clause states that "[i]n the event it is necessary for either party to enforce the terms . . . of this Agreement, . . . the prevailing party shall be entitled to recover all costs and expenses of such enforcement, including its reasonable attorneys' fees." [Decl. David K. Willingham, Exs. 6, 8.]

9

entitled to its attorneys' fees.  As such, Defendant must establish that it qualifies as a "prevailing party" within the meaning of the agreements by virtue of prevailing on this current Motion to Dismiss.

In Maryland,[4] courts apply an objective interpretation of contracts, and in interpreting contract terms consider the "customary, ordinary and accepted meaning of the language used." <u>Nova Research, Inc. v. Penske Truck Leasing Co.</u>, 952 A.2d 275, 283 (Md. 2008)(quoting <u>Atlantic v. Ulico</u>, 844 A.2d 460, 469 (Md. 2004)).  Moreover, in discerning the plain meaning of the term "prevailing party," courts in Maryland have looked to the rule set forth by the Supreme Court in <u>Buckhannon Board & Care Home, Inc. v. West Virginia Deptartment Of Health & Human Resources</u> for guidance.[5]

---

[4] All three of the Parties' agreements at issue in this Action contain a choice-of-law clause stipulating that the agreements are to be "construed and governed by the laws of the State of Maryland." [Decl. David K. Willingham Exhs. 6-8.]  Thus, as neither Party contests the validity or enforceability of that clause, the Court finds that Maryland law governs the issue as to whether the prevailing party provision entitles Defendant an award of attorneys fees here.

[5] The Court notes that while other jurisdictions directly apply the rule in <u>Buckhannon</u> to contractual agreements for attorneys fees, such an interpretation has not been explicitly extended in Maryland. See <u>Technidata Am., LLC v. SciQuest, Inc.</u>, 2009 WL 2922991 at *3 (D. Md. Sept. 9, 2009).  Nevertheless, Maryland courts do look to <u>Buckhannon</u> as persuasive guidance in ascertaining the plain meaning of "prevailing party" in the context of contractual agreements for attorneys fees. <u>Id.</u>  Therefore, the Court also looks to <u>Buckhannon</u> here as persuasive guidance in ascertaining the plain meaning of the term "prevailing party" in the Agreements at issue here.

See <u>Technidata Am., LLC v. SciQuest, Inc.</u>, 2009 WL 2922991 at *3 (D. Md. Sept. 9, 2009). In <u>Buckhannon</u>, the Supreme Court held that in the context of a statutory fee-shifting provision, a party qualified as a "prevailing party" for purposes of an award of attorneys' fees when there was a "judicially sanctioned change in the legal relationship of the parties." 532 U.S. 598, 605 (2001). Moreover, this change occurs when one of the parties "becomes entitled to enforce a judgement, consent decree, or settlement against the [other]." <u>Farrar v. Hobby</u>, 506 U.S. 103, 113 (1992).

The Court finds that Defendant has not met its burden to establish that it qualifies as a "prevailing party" here under the plain meaning of the prevailing party provision contained in the agreements by virtue of prevailing on this Motion. Specifically, this present Motion to Dismiss does not decide this Case on the merits and does not preclude Plaintiff from refiling the action in Maryland. See <u>Szabo Food Serv. v. Canteen Corp.</u>, 823 F.2d 1073, 1076-77 (7th Cir. 1987). Moreover, the prevailing party provision does not explicitly state that the prevailing party is entitled to recover attorneys' fees for the enforcement of any term of the Agreements, as the provision at issue simply says that attorneys' fees are to be awarded to the prevailing party of a proceeding brought to enforce the terms or conditions of the Agreement. See <u>Jim Cooley Construction, Inc. v. North American</u>

11

Construction Co., 46 F.3d 1151 (10th Cir. 1995)(finding that defendant was entitled to attorneys fees stemming from its motion to dismiss based on a forum selection clause contained in the agreement because the agreement contained an attorneys fees provision that specifically stated that the prevailing party was to recover attorneys fees for the enforcement of *any* term of the agreement). As such, the Court finds that Defendant has not established that it is a "prevailing party" within the meaning of the prevailing party provision here by virtue of prevailing on this Motion to Dismiss.

Therefore, the Court finds that Defendant has failed to establish that it entitled to an award of attorneys' fees here. Defendant's request for attorneys' fees is **DENIED**.

For the reasons heretofore stated, Defendant's Motion to Dismiss for Improper Forum is **GRANTED IN PART AND DENIED IN PART.**

DATED: July 21, 2011
**IT IS SO ORDERED.**

                                      RONALD S.W. LEW
                          **HONORABLE RONALD S.W. LEW**
                          Senior, U.S. District Court Judge